**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

BILLY ROSS MOUDY,

　　　　Defendant - Appellant.

No. 96-7079, 96-7103

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 96-CR-19-S)**

---

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of Colorado and Wyoming, Denver, Colorado, for Defendant-Appellant.

John Raley, U.S. Attorney, and Sheldon J. Sperling, Assistant U.S. Attorney, Office of the United States Attorney for the Eastern District of Oklahoma, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Before PORFILIO, TACHA, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Defendant Billy Ross Moudy was convicted by a jury in the United States District Court for the Eastern District of Oklahoma of charges arising from his attempted robbery of a post office in Proctor, Oklahoma.  He was sentenced to a total of thirty years imprisonment, plus three years of supervised release.  Defendant now appeals his sentence, claiming (1) that he was improperly sentenced under the Armed Career Criminal Act and (2) that he should have received a reduction for acceptance of responsibility.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

**I.      Sentencing Under the Armed Career Criminal Act**

Review of a sentence enhancement under the Armed Career Criminal Act is a legal issue subject to de novo review.  See United States v. Barney, 955 F.2d 635, 638 (10th Cir. 1992).

The district court sentenced Moudy under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for his conviction under 18 U.S.C. § 922(g), possession of a firearm by a convicted felon.  The Act provides for a minimum sentence of fifteen years and prohibits probation or suspended sentences for persons convicted under

§ 922(g) who have three previous convictions for a violent felony.  See 18 U.S.C.

§ 924(e)(1); U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.4 (1995[1])

(implementing the Act).  The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year
> . . . that --
> . . .
> (ii)     is burglary, arson, or extortion, involves use of explosives, or
>          otherwise <u>involves conduct that presents a serious potential
>          risk of physical injury to another</u> . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added).  Moudy's record included prior

convictions for three separate escapes from prison, one attempted escape, and a

burglary.  The district court found that all of these convictions qualified as violent

felonies under the Act.[2]   Moudy argues that the court erred in treating his escapes

and attempted escape as violent felonies.

In determining that the escapes constituted prior violent felonies, the

district court relied upon our decision in <u>United States v. Gosling</u>, 39 F.3d 1140

(10th Cir. 1994).  In <u>Gosling</u>, we examined the sentencing guidelines' career

offender provisions, U.S.S.G. §§ 4B1.1 and 4B1.2, which also provide for

sentencing enhancements based on prior violent felony convictions.  The career

---

[1] We apply the Guidelines Manual in effect on the date the defendant was sentenced.  <u>See</u> U.S.S.G. § 1B1.11(a) (1995).  Moudy was sentenced on September 19, 1996; the Guidelines Manual in effect at that time was the 1995 version.

[2] Because the Act specifically identifies burglary as a "violent felony," <u>see</u> 18 U.S.C. § 924(e)(2)(B)(ii), Moudy does not contest the district court's reliance on that conviction.

offender provisions use the term "crime of violence" rather than "violent felony," but the pertinent part of the definition is identical to that of a violent felony under § 924(e). Under the career offender provisions, "crime of violence" may include any crime that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). In Gosling, we applied this language and held that an escape from prison constitutes a crime of violence under the career offender provisions. See 39 F.3d at 1142-43. Moudy argues that the identical language in the Act should not be interpreted to include escape as a violent felony. We disagree.

Under either the Act or the career offender provisions, it is not necessary that the defendant's specific conduct actually resulted in physical injury to another. We examine only whether his conduct presented "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4B1.2(1)(ii) (emphasis added); see also Gosling, 39 F.3d at 1142 n.3. With this in mind, we stated in Gosling:

> [E]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. A defendant who escapes from a jail is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious

> potential risk that injury will result when officers find the defendant and attempt to place him in custody.

Gosling, 39 F.3d at 1142 (citations omitted); see also United States v. Mitchell, 113 F.3d 1528, 1533 (10th Cir. 1997) (following Gosling). The reasons we articulated in Gosling for holding escape to be a crime of violence apply to all escapes, whether or not violence was actually involved. Thus, an escape always constitutes "conduct that presents a serious potential risk of physical injury to another," for the purposes of the Act as well as for the career offender provisions of the sentencing guidelines.[3]

## II.    Acceptance of Responsibility

Defendant next contends that he should have received a reduction in his sentence based on acceptance of responsibility. Under the sentencing guidelines, the calculated offense level should be reduced "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Generally, a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt" is not entitled to this reduction. U.S.S.G. § 3E1.1 cmt. 2. The Sentencing Commission's commentary explains that in rare situations, a defendant who goes to trial on issues other than factual

---

[3] Defendant emphasizes that the Sentencing Commission's commentary to the career offender provisions explains that the court should look at whether the crime, "by its nature," involved a risk of physical injury to another, while the Act does not include the phrase "by its nature." We do not find this difference significant.

guilt--for example, to challenge the constitutionality of a statute--may still qualify for a reduction for acceptance of responsibility. See id. Moudy points out that although he went to trial, he acknowledged the factual basis for the charges and went to trial only to assert the insanity defense.

"[T]he determination of the sentencing judge [regarding acceptance of responsibility] is entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. 5. Moreover, because Moudy failed to raise his § 3E1.1 issue in the court below, in this case we review the trial court's decision only for plain error. See United States v. Ivy, 83 F.3d 1266, 1294-95 (10th Cir.) (stating that legal questions involving application of the sentencing guidelines are reviewed only for plain error if not raised in district court), cert. denied, 117 S. Ct. 253 (1996). Under this standard, "the error must be particularly egregious, as well as obvious and substantial." Id. at 1295 (quoting United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir. 1991)). Conceding factual guilt does not automatically entitle a defendant to an adjustment for acceptance of responsibility as a matter of right. See U.S.S.G. § 3E1.1 cmt. 3. After reviewing the record, we find nothing in the facts that leads us to reverse the trial judge's decision on this matter.

For these reasons, we AFFIRM the sentencing order entered by the district court.