**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALLEN WAYNE GILMORE,

Defendant-Appellant.

No. 97-6342
(D.C. No. CR-97-56-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appellant Allen Wayne Gilmore pled guilty to one count of conspiracy to commit offenses against the United States and one count of theft of stolen mail. Defendant was sentenced to a term of twenty-four months' imprisonment on each count to run concurrently, directed to make restitution, and ordered to serve a term of supervised release. On appeal, defendant argues that the district court erred in denying him an adjustment to his sentence for acceptance of responsibility. We affirm.

Section 3E1.1 of the United States Sentencing Guidelines (Guidelines) allows a district court to reduce a sentence where the defendant clearly demonstrates that he has accepted responsibility for his criminal conduct. "The district court has broad discretion to determine whether to award a sentence reduction pursuant to §3E1.1 for acceptance of responsibility, and we will not disturb its decision absent clearly erroneous findings." United States v. Bindley, 157 F.3d 1235, 1240 (10th Cir. 1998); see also United States v. Moudy, 132 F.3d 618, 621 (10th Cir. 1998) (holding § 3E1.1 determination entitled to great deference on review). The defendant bears the burden of establishing entitlement to the § 3E1.1 reduction, see United States v. Jaynes, 75 F.3d 1493, 1508 (10th Cir. 1996), which is not automatically granted merely because he or she has entered a guilty plea, see United States v. Gacnik, 50 F.3d 848, 853 (10th Cir. 1995).

In denying defendant the requested reduction, the district court noted that, after his arrest and release on bond, defendant was stopped for speeding. When stolen checks related to the instant offense were found in the vehicle, defendant denied knowledge of their presence. Defendant also traveled outside the Western District of Oklahoma in violation of his bond conditions, and tested positive for methamphetamine and marijuana, indicating drug use after his release on bond. For these reasons, the district court denied the reduction for acceptance of responsibility.

Among the factors suggested for consideration by a sentencing court in deciding whether a defendant qualifies for a reduction for acceptance of responsibility is whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. See Guidelines Manual § 3E1.1 application note 1(b). The weight of authority among the circuits which have considered the question holds that any criminal conduct committed while a defendant is free on bond is relevant in determining whether a defendant has accepted responsibility. See United States v. Ceccarani, 98 F.3d 126, 129 (3d Cir. 1996) (collecting cases); but see United States v. Morrison, 983 F.2d 730, 735 (6th Cir. 1993) (holding that acceptance of responsibility considers only conduct related to the charged offense). This circuit has affirmed the denial of a downward adjustment for acceptance of responsibility where the defendant

violated his appearance bond, see United States v. Hawley, 93 F.3d 682, 689 (10th Cir. 1996), and where the defendant had attempted escape, see United States v. Amos, 984 F.2d 1067, 1073 (10th Cir. 1993). Based on evidence of defendant's conduct while free on bond, we find no error in the district court's decision to deny defendant a reduction based on acceptance of responsibility.

Defendant argues that the district court erred in not performing an evaluation of all of the factors listed in the application notes when making its sentencing decision. We find no authority requiring the district court to make findings as to each of the suggested factors contained in the notes. As the relevant application note states, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Guidelines Manual § 3E1.1 application note 5. Given this deferential standard and the fact that the Guideline factors are suggestive only, we will not require a sentencing judge to make findings regarding each factor listed in the application notes to § 3E1.1.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge