McKAY, Circuit Judge,
concurring:
I join the proposed opinion except to express my disagreement with the assumption of the categorical statement in United States v. Moudy, 132 F.3d 618, 620 (10th Cir.1998), which requires us to assume that felony escape “always constitutes ‘conduct that presents a serious potential risk of physical injury to another.’ ” Id.; see also United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir.1994) (adopting the reasoning of United States v. Aragon, 983 F.2d 1306, 1313 (4th Cir.1993)). Consider, for example, state law that defines failure to return to work release or other inmate release program as felony escape. See, e.g., Colo.Rev.Stat. § 16-11-212 (1999) (“[A]ny willful failure to return to the jail or other facility may be punishable as an escape under section 18-8-208,” which establishes five levels of escape, including three felony levels, according to the seriousness of the underlying offense); Kan. Stat. Ann. § 75-5269 (1997) (“The willful failure of an inmate to remain within the extended limits of his or her confinement or to return within the time prescribed to an institution or facility ... shall be deemed an aggravated escape from custody as provided for in K.S.A. 21-3810,” which defines aggravated escape as either a level 8 nonperson felony or level 6 person felony); N.M. Stat. Ann. § 33-2-46 (Michie 1998) (“Any prisoner whose limits of confinement have been extended, or who has been granted a visitation privilege under the inmate-release program, who wil-fully fails to return to the designated place of confinement within the time prescribed, with the intent not to return, is guilty of an escape. Whoever is convicted of an escape under the provisions of this section is guilty of a third degree felony....”); Okla. Stat. Ann. tit. 57 § 510.1 (West Supp.1999) (“Failure to return to the facility [from a work release or other permitted absence] shall be deemed an escape and subject to such penalty as provided by law [which defines most escapes as felony, see id. tit 21 §§ 434445].”); Utah Code Ann. § 64-13-14.5(3) (1996) (“The willful failure of an inmate to remain within the extended limits of his confinement or to return within the time prescribed to an institution or facility designated by the department is an escape from custody,” which is punishable as a first, second or third degree felony under § 76-8-309 (Supp.1999)); Wyo. Stat. Ann. § 7-16-309 (Lexis 1999) (“The intentional act of an inmate of absenting himself without permission from either the place of employment or the designated place of confinement within the time prescribed constitutes an escape from custody of the institution [a felony under § 6-5-206].”). There is a quantum difference between the assumptions about the intrinsic danger of unauthorized departure from actual custody, as in this case, and of failure to return from authorized departure from actual custody. I do not wish to be seen as presuming that the latter felony is a violent one under 18 U.S.C. § 924(e)(2)(B). I consider such an interpretation to be an abuse of language and a departure from the text of the statute.