**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

CLAUDE HAROLD SMITH, JR.,
a/k/a Doobie,

　　　　Defendant-Appellant.

No. 99-7095
(D.C. No. 99-CR-22-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **PORFILIO**, Circuit Judges.

After examining appellant's brief and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the brief without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claude H. Smith, Jr., pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(e). Mr. Smith objected to that portion of the presentence report which recommended enhancement of his sentence, pursuant to U.S.S.G. § 4B1.4(a) and 18 U.S.C. § 924(e) (Armed Career Criminal provisions), in light of his previous felony convictions for violent crimes. Mr. Smith argued that although he had been convicted on three occasions of second degree burglary, in no instance had there been any record established that his conduct was violent. The probation officer responded by noting that burglary is listed as a violent offense in 18 U.S.C. § 924(e). The district court adopted the presentence report over Mr. Smith's objection, ruling that the appropriate Guideline Offense Level was 24 with enhancement to Level 30 by reason of the Armed Career Criminal provisions and criminal history level VI. Mr. Smith was sentenced to 210 months' imprisonment plus 60 months' supervised probation and fined $100.

Mr. Smith requested appeal of his sentence, and his attorney complied and perfected the appeal. However, Mr. Smith's attorney filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738, 744-45 (1967), and a motion to withdraw, stating that he believed the appeal has no merit.

"Review of a sentence enhancement under the Armed Career Criminal Act is a legal issue subject to *de novo* review." *United States v. Moudy*, 132 F.3d 618,

619  (10th Cir. 1998).  Except for facial illegality, improper calculation, or clearly erroneous fact findings, the court lacks jurisdiction for appellate review of a sentence which is within the appropriate sentencing guideline range.  *See United States v. Garcia*, 919 F.2d 1478, 1480-81 (10th Cir. 1990).  After thorough review of the record, we have determined that there is no error in Mr. Smith's sentencing, and we hold that we lack jurisdiction for appellate review.

Attorney Mark Green's motion to withdraw is granted.  This appeal is hereby DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge