**Edward Paul SHAUGHNESSY,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondents.**

**No. 99–CV–231–J.**

United States District Court,
D. Wyoming.

April 18, 2000.

Edward Paul Shaughnessy, Burlington, CO, Pro se.

Lisa E Leschuck, U.S. Attorney's Office, Cheyenne, WY, for United States of America, respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ALAN B. JOHNSON, District Judge.

The above-entitled matter came before the court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The court has carefully reviewed the petition and all material on file herein, and being fully advised, finds that the petition should be denied.

### BACKGROUND

On January 21, 1999, petitioner Edward Paul Shaughnessy pled guilty to an Indictment charging him with one count of violating 21 U.S.C. § 841(a), distribution of methamphetamine. The plea was pursuant to a plea agreement between the petitioner and the United States, signed on January 12, 1999, that contained a binding waiver of appeal provision. On April 1, 1999, the petitioner was sentenced to a term of 151 months' imprisonment, after the court accepted the government's rec-

ommendation to depart downward two sentencing levels to reflect the petitioner's potential substantial assistance to the United States' investigation pursuant to section 5K1.1 of the sentencing guidelines. Prior to sentencing, the petitioner raised no objections to the criminal history calculation contained in his presentence report that classified him as a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines.

At his sentencing, the petitioner asked to the court to "[t]ake into consideration the thing on the career offender was not returning to CAC, a walkaway." (Transcript of Sentencing, April 1, 1999, at 13). The court informed the petitioner that within the Tenth Circuit even a "walkaway" from a Community Alternative Center was considered an escape and therefore a crime of violence for the purposes of evaluating his criminal history under the section 4B1.1 of the sentencing guidelines. *Id.*

Notwithstanding the waiver of appeal provision contained in the petitioner's plea agreement, the court repeatedly told the petitioner that the time period in which to file an appeal was ten days. The petitioner took no direct appeal.

Petitioner now requests this court to issue a writ of habeas corpus. A federal habeas petition may be entertained only on the grounds that a petitioner is in custody under a sentence imposed by a federal court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. As grounds for a writ, the petitioner sets forth arguments contesting the legality of his sentence under federal law because he believes that he was impermissibly categorized as a "career offender" under U.S.S.G. § 4B1.1. Mr. Shaughnessy further argues that his sentence is a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Finally, in his "Amendment in Support of Memorandum of 28 USC Section 2255" the petitioner further asserts that he was denied the effective assistance of counsel in violation of his Sixth Amendment right to the effective assistance of counsel.

## DISCUSSION

■ At the outset, the court must determine whether this claim is properly before it. The government argues that the petitioner's section 2255 challenge is improperly before the court because Mr. Shaughnessy did not raise any of the issues on direct appeal. "Section 2255 is not available to test the legality of matters which should have been brought on direct appeal." *United States v. Walling,* 982 F.2d 447, 448 (10th Cir.1992), citing *United States v. Khan,* 835 F.2d 749, 753 (10th Cir.1987). Further, a petitioner ". . . who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994). Because the government has "raised the procedural bar" the court must enforce that bar and hold that the Petitioner's claims are procedurally barred unless cause and prejudice or a miscarriage of justice are shown. *Id.* at 378. Since the petitioner is unable to meet this burden, the court holds that Mr. Shaughnessy's claims are procedurally barred.

■ Although the procedural bar was raised by the government and applies in this case, the court in its discretion can still address the merits of the petition when it believes that doing so will best serve the interests of "judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice. . . ." *Id.* at 379. The petitioner raises essentially five arguments in his petition for a writ of habeas corpus and his amendment thereto. First, that the district court

impermissibly found him to be a "career offender" under the sentencing guidelines which resulted in an "unfair" enhancement of his sentence.[1] Second, that the federal court impermissibly interpreted Wyoming law. Third, that some ambiguity between state and federal law exists and that therefore the "Rule of Lenity" should be invoked on the petitioner's behalf. Fourth, Mr. Shaughnessy argues that the enhancement of his sentence because of his career offender status "shocks the conscience" and is thus a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Finally, in his amendment in support of his section 2255 motion, the petitioner, for the first time, argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights.

■ In response to his first argument, Mr. Shaughnessy was permissibly classified as a career offender under United States Sentencing Guidelines section 4B1.1 and therefore the Court's enhancement of his sentence was legal. Under section 4B1.1 a defendant is a career offender if:

(1) the defendant was at least eighteen years old as the time the defendant committed the instant offense of conviction,
(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Mr. Shaughnessy does not dispute that he meets the first two requirements for career offender status; that he was at least eighteen years old at the time he committed the crime, and that possession with the intent to distribute is a

controlled substance offense. The petitioner nevertheless argues that the court erred in considering his prior conviction for escape as a "crime of violence" under the third requirement for career offender status. The petitioner contends that his prior conviction for escape was nonviolent because he merely failed to return to the community alternative center, or CAC, instead of "escaping" in the traditional sense.

Section 4B1.2 of the sentencing guidelines define a "crime of violence" as:

Any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, the attempted use, or threatened use of physical force against the person or another, or (2) is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The United States Court of Appeals for the Tenth Circuit has consistently held that all escape convictions are properly characterized as crimes of violence for sentencing purposes, regardless of the statutory elements or the characteristics of the escape conviction. *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir.1998); *United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir.1997); *United States v. Gosling*, 39 F.3d 1140, 1142–43 (10th Cir.1994). The Tenth Circuit has held that the escape itself does not have to be violent, but that the "serious potential risk of physical injury to another," which exists with any escape, is sufficient for all escapes to be considered violent for the purposes of determining career offender statute under section 4B1.1. *Moudy*, 132

---

1. Note that in his "Memorandum in Support of 28 USC Sub Section 2255" Petitioner's arguments 1–3 all relate to whether his conviction for escape is properly considered a violent crime when determining his status as a career offender under section 4B1.1 of the sentencing guidelines. Argument 4 relates to the federal court's "impermissible" interpre-

tation of Wyoming law. Argument 5 discusses the "Rule of Lenity." Argument 6 contains the petitioner's claim that his sentence violates the Eighth Amendment. The Court will address these arguments in order, but will consider arguments 1, 2, and 3 together because they all relate to the same issue.

F.3d at 620; *Mitchell*, 113 F.3d at 1533; *Gosling*, 39 F.3d at 1142. Under the clear law of the circuit, the petitioner's prior conviction for escape was properly taken into consideration when determining his status as a career offender under section 4B1.1.

The petitioner also tries to argue that the particular facts of his escape should be taken into account by the court in determining whether his conviction for escape should be considered violent or not. As stated above, the petitioner's argument is contrary to the clear law in the circuit which holds that all escapes always constitute "conduct that presents a serious potential risk of physical injury to another" for the purposes of the career offender provision of the sentencing guidelines. *Moudy*, 132 F.3d at 620. Since the petitioner is unable to articulate any persuasive legal reason the court should hold otherwise, the court will follow the clear law of the circuit and hold that the escape was properly taken into consideration when enhancing the petitioner's sentence due to his status as a career offender under section 4B1.1 of the sentencing guidelines.

Petitioner next asserts that because the Bureau of Prisons considers a walk-away escape as a "non serious event" when classifying an inmate, the court should not consider petitioner's escape as violent for the purposes of determining his status as a career offender. This argument holds no weight because the Bureau of Prisons did not write the sentencing guidelines, rather, the United States Sentencing Commission did at the behest of Congress. *Koon v. United States*, 518 U.S. 81, 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Petitioner further contends that because the guidelines treat escapes from non-secure facilities less seriously that escapes from secure facilities, section 2P1.1(b), the court should also do so when determining his status as a career offender under section 4B1.1 of the sentencing guidelines. This argument also holds no weight because the two sections of the sentencing guidelines are not to be read in conjunction with each other. They are separate and distinct sections of the guidelines. Further, as already discussed above, the clear law of the circuit considers all escapes as violent for the purposes of determining status as a career offender. *Moudy*, 132 F.3d at 620; *Mitchell*, 113 F.3d at 1533; *Gosling*, 39 F.3d at 1142.

The petitioner's second argument is that the court impermissibly interpreted Wyoming law by determining that his walk-away is considered a violent crime for the purpose of determining his status under section 4B1.1 of the sentencing guidelines. Nothing could be further from the truth. The court did not interpret or in any way evaluate petitioner's felony conviction for his escape from the CAC. The court determined only how that conviction should be treated under federal law, for the purposes of imposing a federal sentence, in a federal court, under the federal sentencing guidelines. The court had no reason to inquire into whether Wyoming considers the escape as violent or not because the clear law of the Tenth Circuit controls this issue. *Moudy*, 132 F.3d at 620; *Mitchell*, 113 F.3d at 1533; *Gosling*, 39 F.3d at 1142. How Wyoming would characterize the petitioner's felony conviction for escape is immaterial for the purpose of enhancing the petitioner's sentence due to his career offender status.

The petitioner's third argument is that because he believes some ambiguity exists between Wyoming's characterization of his escape and how that escape is treated when determining his status as a career offender, the ambiguity should be resolved in favor of the petitioner and his enhancement should be overturned. This argument does not have a solid factual basis. Wyoming Statute section 7–18–112, escape from a CAC, does not state whether it is considered a crime of violence. That classification comes only from the federal law for the purpose of determining career offender status under 4B1.1. *Moudy*, 132

F.3d at 620; *Mitchell,* 113 F.3d at 1533; *Gosling,* 39 F.3d at 1142. Because there is no ambiguity between the state and federal law, and because the federal law is so completely clear, petitioner's argument fails.

■ Fourth, the petitioner argues that the enhancement of his sentence because of his career offender status "shocks the conscience" and is thus a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Mr. Shaughnessy offers no authority for this position and has not brought an appeal regarding this issue. However, this argument is still without merit because so long as the sentence imposed is within the statutory limits, the sentence will not usually be considered cruel or unusual punishment. *United States v. Youngpeter,* 986 F.2d 349, 355 (10th Cir.1993). So long as the sentence imposed was within the sentencing guidelines the courts will not usually find the sentence to be cruel and unusual. *United States v. Nicholson,* 17 F.3d 1294, 1299 (10th Cir.1994). In this case, because the sentence imposed was well within the sentencing guidelines,[2] and because the petitioner offers no valid reason the sentence imposed was unusual or arbitrarily imposed, the sentence was not a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

Finally, in his "Amendment in Support of Memorandum of 28 USC section 2255" the petitioner raises a claim for the ineffective assistance of counsel. The petitioner suggests that his lawyer, a federal public defender, did not challenge Mr. Shaughnessy's classification as a career offender in the manner requested by the petitioner. Mr. Shaughnessy further contends that his attorney failed to file an appeal within the ten-day period allowed by law.

■ It is first important to note that a claim for the ineffective assistance of counsel may be able to survive the procedural bar raised by the government, discussed above. Normally, a defendant cannot raise claims that were not presented on direct appeal unless he can show cause and prejudice. *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *Id.* However, as will be discussed below, because the petitioner cannot demonstrate prejudice the procedural bar remains in place.

■ To establish a claim for the ineffective assistance of counsel a defendant must show that (1) his counsel's performance was constitutionally defective, and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Id.* at 690, 104 S.Ct. 2052. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. These standards are used in this circuit to determine the effectiveness of both trial and appellate counsel. *United States v. Dixon,* 1 F.3d 1080, 1083 (10th Cir.1993).

■ In this matter, neither of the prongs necessary to demonstrate a *Strickland* violation can be demonstrated. First, counsel's assistance was not objectively defective as the petitioner contends. His attorney was aware of Mr. Shaughnessy's objection to his classification as a career offender because of his prior convictions, but his attorney was also well aware of the case law that clearly held that his escape would be considered a violent offense for the purpose of section 4B1.1 of the sentencing guidelines. His awareness of the case law and the fact that he fully ex-

---

**2.** With a base offense level of 29 and a level 6 criminal history, the petitioner could have been sentence for a term of between 151 and 188 months.

plained the matter to his client is apparent from the record produced at the petitioner's sentencing on April 1, 1999. (Transcript of Sentencing, April 1, 1999, at 13–14).

For much the same reason, the second prong of the *Strickland* test cannot be met. The case law is clear that the petitioner's escape from the CAC, even if nonviolent, is considered a violent offense under section 4B1.1 of the sentencing guidelines. For the purposes of determining his status as a career offender, the escape is considered a violent offense. *Moudy,* 132 F.3d at 620; *Mitchell,* 113 F.3d at 1533; *Gosling,* 39 F.3d at 1142. Even if his trial counsel had objected to his classification more forcefully, or appealed the issue, the result would not have changed in any way, thus the ineffective assistance of counsel claim cannot be demonstrated. Because the petitioner is unable to demonstrate either element necessary to bring a *Strickland* claim this argument, too, must fall.

Finally, as noted above, because the petition is unable to demonstrate prejudice arising from his ineffective assistance of counsel claim, he cannot show cause for his procedural default and thus, the procedural bar the government raised remains in place. *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995).

### CONCLUSION

This court finds that Mr. Shaughnessy's petition is not properly before this Court; that Mr. Shaughnessy was properly classified and sentenced as a career offender under section 4B1.1 of the sentencing guidelines; that the court did not improperly interpret Wyoming law; that no ambiguity exists between Wyoming and federal law; that Mr. Shaughnessy's sentence did not violate the Eighth Amendment's prohibition of cruel and unusual punishment and; that Mr. Shaughnessy failed to demonstrate that he was denied the effective assistance of counsel in his defense and sentencing.

NOW THEREFORE, IT IS HEREBY ORDERED that the petition for writ of habeas corpus be denied. All motions pending before the court are denied as moot.