**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH EDWARD PARNELL,

      Defendant-Appellant.

No. 04-7139

(E.D. of Okla.)

(D.C. No. CR-04-26-WH)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL, HARTZ** , and **TYMKOVICH** , Circuit Judges. **

---

A jury found Defendant-Appellant Kenneth Edward Parnell guilty of one

count of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). Finding that Parnell's prior convictions placed him under the

applicable provision of the Armed Career Criminal Act (ACCA), the district court

---

\* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sentenced Parnell to a term of imprisonment of 235 months. On appeal, Parnell argues that the district court erred in applying the ACCA.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I. Background

Following Parnell's conviction, the district court sentenced him to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [1] Since Parnell had been previously convicted of three violent felonies, the district court determined he qualified as an armed career criminal under the ACCA (18 U.S.C. § 924(e)). In particular, the court designated Parnell's prior convictions for (1) one count of second degree burglary, (2) one count of escape from a penal institution, and (3) one count of robbery by force, as predicate offenses.

Parnell argues that the classification of his burglary conviction as a predicate offense is in error because the government failed to produce appropriate evidence of a "generic" burglary, *i.e.* "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

---

[1] Because Parnell does not dispute the facts underlying this conviction, we need not discuss them here.

-2-

## II. Analysis

We review de novo a district court's decision to impose a sentence enhancement under the ACCA. *United States v. Moudy*, 132 F.3d 618, 619 (10th Cir. 1998). Where a defendant does not object to the sentence enhancement, as occurred here, we review for plain error.[2] *United States v. Spring*, 80 F.3d 1450, 1461 (10th Cir. 1996).

Oklahoma's second degree burglary statute is "nongeneric," meaning that it defines burglary more broadly than a generic burglary statute by including within its scope unauthorized entries into boats and cars.[3] *See Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005) (distinguishing between generic and nongeneric burglary statutes). Only a conviction for generic burglary may serve as a predicate offense, *i.e.*, be characterized as a violent felony, under the ACCA. *Id.*; *see generally* 18 U.S.C. § 924(e)(2)(B) (defining violent felony). Therefore,

---

[2] Neither Parnell nor the government suggests that Parnell failed to object below. However, the record fails to show Parnell preserved this objection. Nonetheless, we find the district court committed no error, plain or otherwise.

[3] Oklahoma defines second degree burglary as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, *automobile, truck, trailer, vessel* or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Okla. Stat. tit. 21, § 1435 (2005) (emphasis added).

when a defendant enters a plea of guilty to a nongeneric burglary statute, the facts of the underlying offense must be reviewed to determine whether the offense constitutes a violent felony. *Shepard*, 125 S. Ct. at 1257–58. In making this determination, a district court is limited to reviewing "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 1263.

Here, the government introduced into evidence the charging document from the prior burglary conviction. In an Information from McCurtain County, Oklahoma, Parnell was charged with entering a residence to commit burglary:

> [Parnell] did . . . commit the crime of **BURGLARY, SECOND DEGREE (21 O.S. 1435),** in the manner and form as follows, to wit: said defendant[] did unlawfully, willfully and feloniously break and enter into a certain residence . . . by breaking open a window on said residence and entering without the consent of said owner, with the felonious intent to steal said property or to commit any felony . . . .

Parnell pled guilty to and admitted the allegations contained in the Information. *See United States v. Broce*, 488 U.S. 563, 570 (1989) (noting that a guilty plea is an admission that the defendant committed the acts described in the indictment). At sentencing, the district court reviewed this document and properly found Parnell's burglary conviction to include all elements of the "generic" offense. Hence, Parnell was correctly sentenced as an armed career criminal.

-4-

## III. Conclusion

Accordingly, for the reasons stated above, we AFFIRM.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge