**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD LEE WARREN,

Defendant-Appellant.

No. 05-5068

(N.D. of Okla.)

(D.C. No. CR-04-166-TCK)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

Defendant-Appellant Donald Lee Warren pled guilty in the Northern District of Oklahoma to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Finding that Warren's prior convictions placed him under the applicable provision of the Armed Career Criminal Act (ACCA), the district court sentenced Warren to a term of imprisonment of 188

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

months.  On appeal, Warren argues that the district court erred in applying the ACCA.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I. Background

Warren pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [1]  At sentencing, the district court found that Warren had been previously convicted of three violent felonies and therefore qualified as an armed career criminal under the ACCA, 18 U.S.C. § 924(e).  In particular, the court stated that Warren's prior convictions for one count of second degree burglary and two counts of escape served as predicate offenses under the ACCA. [2]

Warren objected at sentencing to the classification of his prior burglary conviction as a predicate offense, arguing that the government had not produced

---

[1] Because Warren does not dispute the facts underlying this conviction, we need not discuss them here.

[2] The district court noted that Warren had a prior conviction as a juvenile for arson and expressed some doubt as to whether the particular facts of that conviction would qualify it as a predicate offense under the ACCA.  The court nonetheless used the arson conviction as a predicate crime, reasoning that Warren's two convictions for escape and one conviction for second-degree burglary were sufficient by themselves to satisfy 18 U.S.C. § 924(e).  Because we find that the district court did not err in classifying Warren's three convictions for burglary and escape as violent felonies, we need not address whether the district court was correct with regard to the arson conviction.

evidence of a "generic" burglary, i.e. "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). He further objected at sentencing to his two prior escape convictions. Again, he argues the government had not produced evidence that either escape was a crime of violence which can serve as a predicate offense under the ACCA. He raises both arguments here.

## II. Analysis

We review de novo a district court's decision to impose a sentence enhancement under the ACCA. *United States v. Moudy*, 132 F.3d 618, 619 (10th Cir. 1998).

### A. Burglary Conviction

Warren first argues the district court erred in classifying his burglary conviction under the ACCA as a predicate offense since the government failed to establish on the record that the burglary in question involved all elements of the "generic" offense. He suggests the charging document detailing the burglary was never presented to the district court.

The Supreme Court recently reiterated that a district court, when making an inquiry under the ACCA, may refer "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some

comparable judicial record of this information" to determine whether a defendant who pled "guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense." *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005).

Here, both parties concede that Oklahoma's burglary statute is "nongeneric," meaning that the facts of the underlying offense must be reviewed to determine whether it constitutes a crime of violence. Therefore, the district court necessarily had to refer to one of the required judicial documents to conclude whether Warren's plea admitted elements of generic burglary. Although Warren contends that the district court did not consider any such documents, the record is to the contrary. The district court stated, "There is a second degree burglary in Wagoner County, CFR-88-65, and as the government has indicated, there is information from the charging document that it was a grocery store, a Safeway store entered with intent to commit a felony, specifically, apparently a shopping cart full of cigarettes and beer. That's . . . a crime of violence." Tr. of Sentencing 9–10.

Thus, because the district court reviewed the applicable charging document and found that Warren's burglary conviction involved all elements of the "generic" offense, the court did not err in concluding that such conviction could serve as a predicate crime under the ACCA.

## B.  Escape Convictions

Warren next argues that although this circuit has repeatedly held that escape convictions are properly classified as violent felonies, sentencing courts should nonetheless be required to cross a minimal evidentiary threshold before using such convictions to enhance a sentence under the ACCA.  He suggests that the reasoning of the Supreme Court's recent opinion in *Shepard*, 125 S. Ct. at 1257–58, acknowledging the distinction between "generic" and "nongeneric" burglary statutes, should be extended to the escape statute at issue here.  Since the Oklahoma statute defines "escape" broadly to include both escape from jail as well as mere failure to timely return to an institution following a work detail, he contends the government should be required to prove the latter form of escape is a violent felony. [3]  We disagree with this reading of *Shepard*.

---

[3] The Oklahoma escape statute states in pertinent part:

B.  Any person who is an inmate in the custody of the Department of Corrections who escapes from said custody, either while actually confined in a correctional facility, while assigned to an alternative to incarceration authorized by law, while assigned to the Preparole Conditional Supervision Program . . . or while permitted to be at large as a trusty, shall be guilty of a felony punishable by imprisonment of not less than two (2) years nor more than seven (7) years.

C.  For the purposes of this section, an inmate assigned to an alternative to incarceration authorized by law or to the Preparole Conditional Supervision Program shall be considered to have escaped if the inmate cannot be located within a twenty-four hour period or if he or she fails to report to a correctional facility or institution, as directed.  This includes any person escaping by

(continued...)

-5-

The holding in *Shepard* relies on the Supreme Court's earlier opinion in

*Taylor v. United States*, 495 U.S. 575 (1990), where the Court originally

described this distinction with respect to burglary statutes. In *Taylor*, the

Supreme Court held

> [A]n offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or [in the case of a "nongeneric" burglary statute] the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.

495 U.S. at 602.

*Shepard*, which reinforced the Court's earlier holding in *Taylor*, does not

call into doubt any of our jurisprudence classifying all escapes as violent felonies

for purposes of the ACCA. [4] We have repeatedly held, post-*Taylor*, that every

escape scenario is a violent felony, regardless of whether violence is actually

involved. *United States v. Moore*, 401 F.3d 1220, 1226 (10th Cir. 2005); *Moudy*,

---

[3](...continued)
absconding from an electronic monitoring device or absconding after removing an electronic monitoring device from their body.

Okla. Stat. tit. 21, § 443(B), (C) (2005).

[4] The question in *Shepard* was not whether the Supreme Court's distinction between "generic" and "nongeneric" burglary statutes for purposes of the ACCA was still applicable; the question before the Court was "whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." *Shepard*, 125 S. Ct. at 1257.

132 F.3d at 620; *United States v. Gosling*, 39 F.3d 1140, 1141–43 (10th Cir. 1994). In short, "[u]nder § 924(e)(2)(B)(ii), an escape *always* constitutes conduct that presents a serious potential risk of physical injury to another." *Moore*, 401 F.3d at 1226 (emphasis added) (citation and quotation marks omitted).

Therefore, the district court did not err in finding that Warren's two prior convictions for escape served as predicate offenses under the ACCA.

### III. Conclusion

Accordingly, for the reasons stated above, we AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge