**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Tracy GOSLING, aka Mark T. Gosling, Defendant–Appellant.**

No. 93–8127.

United States Court of Appeals, Tenth Circuit.

Nov. 10, 1994.

David A. Kubichek, Asst. U.S. Atty. (David D. Freudenthal, U.S. Atty., Aleksander D. Radich, Asst. U.S. Atty., with him on the brief), Cheyenne, WY, for plaintiff-appellee.

James H. Barrett, Branch Chief Asst. Federal Public Defender, Cheyenne, WY, for defendant-appellant.

Before BALDOCK, REAVLEY,\* and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Mark Tracy Gosling appeals his sentence contending the district court improperly calculated his base offense level in sentencing him to eighty-four months imprisonment. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

Defendant pleaded guilty to making false statements to obtain a firearm, 18 U.S.C. § 922(a)(6), and to possessing a firearm after a previous felony conviction, 18 U.S.C. § 922(g)(1). Prior to sentencing, a presentence report was prepared. The presentence report calculated Defendant's base offense level as 24 pursuant to U.S.S.G. § 2K2.1(a)(2), concluding that each of Defendant's prior felony convictions for rape and escape qualified as a "crime of violence" under U.S.S.G. § 4B1.2(1). *See* U.S.S.G. § 2K2.1(a)(2) (specifying base offense level 24 for defendant with two prior felony convictions for a crime of violence); U.S.S.G. § 4B1.2(1) (defining crime of violence). Defendant objected to the district court's use of his escape conviction to calculate his base offense level, contending that the escape conviction did not constitute a "crime of vio-

lence" under § 4B1.2(1).[1] The district court overruled Defendant's objection, adopted the presentence report's calculations, and sentenced Defendant to eighty-four months imprisonment, followed by two years of supervised release. This appeal followed.

On appeal, Defendant argues that his conviction for escape does not qualify as a "crime of violence" under § 4B1.2(1). We review the district court's interpretation and application of the sentencing guidelines de novo. *United States v. Hershberger,* 962 F.2d 1548, 1550 (10th Cir.1992).

Under U.S.S.G. § 4B1.2(1), "crime of violence" is defined as:

[A]ny offense ... punishable by imprisonment for a term exceeding one year that—

(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(1) (emphasis added). Both parties agree that subsection (i) is inapplicable as Defendant's conviction for escape did not involve an element of the "use, attempted use, or threatened use of physical force against the person of another." Therefore, the question we must decide is whether Defendant's escape conviction qualifies as a "crime of violence" under subsection (ii)—*i.e.,* whether the offense of escape "involves conduct that presents a serious potential risk of physical injury to another."

The United States Sentencing Commission ("Commission") has listed ten offenses which are by definition a "crime of violence."[2] The Commission has indicated that other non-listed offenses constitute crimes of violence where "[t]he conduct set forth (*i.e.,* expressly charged) in the count of which the defendant

---

\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Defendant concedes that his rape conviction was properly characterized as a crime of violence.

2. These offenses are murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. U.S.S.G. § 4B1.2, Application n. 2.

was convicted ... by its nature, presented a serious potential risk of physical injury to another."

In the instant case, Defendant was expressly charged with and pleaded guilty to the offense of escape. Specifically, the information charged Defendant with "willfully, unlawfully and feloniously escap[ing] from ... [a] County Jail," in violation of N.D.Cent. Code § 12–16–05 (repealed 1973). Def.App. ex. 5. Under the guidelines, Defendant's escape offense qualifies as a crime of violence if the expressly charged conduct in the count of Defendant's escape conviction by its nature presented a serious potential risk of physical injury to another.[3]

Applying these principles, we conclude Defendant's expressly charged conduct—i.e., "willfully, unlawfully and feloniously escap[ing] from ... [a] County Jail"—by its nature presented a serious potential risk of physical injury to another. We are persuaded by the Fourth Circuit's reasoning in United States v. Aragon, 983 F.2d 1306, 1313 (4th Cir.1993):

> [E]vents structured for the ... escape of a prisoner are supercharged with the potential that, in being played out, physical force will be exerted against some person or some property. The prison or custodial setting, often comprised of armed guards and secured facilities, is a volatile one for those attempting to rescue or assist another to escape.... In the event that an escape by stealth is discovered in progress by officials, there is an immediate and substantial risk that the situation will escalate to one involving physical force in an attempt to apprehend the escapee.... We are convinced that, intrinsically, the crime of attempting to rescue or assisting the escape of a federal prisoner ... presents a substantial risk that physical force will be used against either people or property.

Id. (emphasis in original).[4]

Aragon recognizes that every escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. Cf. United States v. De Jesus, 984 F.2d 21, 24–25 (1st Cir.1993) (larceny from the person qualifies as a "crime of violence" under § 4B1.2(1) because it inherently involves the serious potential risk of injury to others, even though not every larceny will involve violence). A defendant who escapes from a jail is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody. We therefore conclude that Defendant's escape conviction by its nature involves conduct that presents a serious potential risk of phys-

---

3. Defendant argues we should adopt a categorical approach in this circuit and look only to the statutory elements of Defendant's escape conviction to determine whether his conviction qualifies as a "crime of violence" under § 4B1.2(1)(ii). The government contends we should adopt an approach whereby we examine the underlying facts of Defendant's escape conviction to make this determination. In United States v. Smith, 10 F.3d 724, 731 (10th Cir.1993), we expressly declined to adopt either a categorical or an underlying facts approach in the context of § 4B1.2. Likewise, we need not adopt either approach in the instant case because after looking only at Defendant's expressly charged conduct, we conclude Defendant's offense by its nature presented a serious potential risk of physical injury to another and thus is properly characterized as a crime of violence. Therefore, we need not go further and examine the statutory elements or the underlying facts of Defendant's escape conviction.

4. We find Aragon's reasoning persuasive even though that case considered the question whether "attempting to rescue or assisting the escape of a federal prisoner" is a "crime of violence" under 18 U.S.C. § 16. The definition of "crime of violence" found in 18 U.S.C. § 16 is substantially similar to the definition found in § 4B1.2(1) for purposes of the instant case. Compare 18 U.S.C. § 16 ("crime of violence" is any offense "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used") with U.S.S.G. § 4B1.2(1) ("crime of violence" is an offense that "involves conduct that presents a serious potential risk of physical injury to another.").

ical injury to another, and thus is properly characterized as a "crime of violence" under § 4B1.2(1)(ii). As a result, we conclude the district court did not err in using the escape conviction to calculate Defendant's base offense level under U.S.S.G. § 2K1.2(a).

**AFFIRMED.**