65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee BOLTZ, Defendant-Appellant.
 No. 94-1543.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Ronald Lee Boltz appeals the denial of his motion filed under 28 U.S.C. 2255 to vacate, set aside or correct his sentence. The district court sentenced defendant as a career offender under 4B1.1 of the Sentencing Guidelines because he had at least two prior convictions for "crimes of violence." Defendant argues he is not a career offender, and he received ineffective assistance of counsel with regard to that characterization. We affirm.
 
 
 3
 Defendant pleaded guilty to charges of bank robbery and aiding and abetting, in violation of 18 U.S.C. 2113(a) and (2). The plea agreement summarized his criminal history which included prior Colorado state convictions for robbery, # 81-CR-24; second degree burglary of a dwelling, # 81-CR-1095; and escape, # 83-CR-70. The district court sentenced him to a term of 188 months, followed by three years of supervised release.
 
 
 4
 Section 4B1.1 provides for raising the offense level if "(1) the defendant is at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Secton 4B1.2(1) defines "crime of violence" to include specific crimes as well as "conduct that presents a serious potential risk of physical injury to another."
 
 
 5
 We review de novo whether a defendant has been properly treated as a career offender. United States v. Gosling, 39 F.3d 1140, 1141 (10th Cir.1994). Because defendant concedes that # 81-CR-24 is a crime of violence for purposes of career offender treatment, if either # 81-CR-1095 or # 83-CR-70 are also crimes of violence, defendant's sentence as a career offender was proper. U.S.S.G. 4B1.1.
 
 
 6
 We need not discuss whether defendant's second degree burglary conviction was a crime of violence because we recently held that the crime of escape is a crime of violence for purposes of 4B1.2. Gosling, 39 F.3d at 1142. After reviewing the conduct for which Gosling was expressly charged we concluded that his offense was a crime of violence. We adopted the reasoning in United States v. Aragon, 983 F.2d 1306, 1313 (4th Cir.1993), that "every escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. A[n escaping] defendant ... may feel threatened by police officers, ordinary citizens or even fellow escapees." Gosling, 39 F.3d at 1142 (citations omitted).
 
 
 7
 Defendant argues that his escape conviction was not a crime of violence because the woman abducted may have voluntarily provided the escapees with transportation to a different location, and she was not injured. The crime of escape must still be viewed as one in which "violence could erupt at any time." Id. The district court properly treated defendant's conviction for escape as a crime of violence.
 
 
 8
 The other issue is whether defendant received effective assistance of counsel with regard to his treatment as a career criminal. Defendant may prevail only if he shows that his attorney's conduct fell below the Sixth Amendment standard for reasonable representation and that he was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). We accept the district court's factual findings unless clearly erroneous, and review his attorney's conduct de novo. United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993).
 
 
 9
 Defendant argues that he should not have been permitted to stipulate in his plea agreement to career offender status because that classification was improper. However, since we here hold that the district court correctly classified defendant as a career offender it is not relevant whether defense counsel allowed this stipulation. Defendant suffered no prejudice as a consequence of the stipulation and fails to meet the Strickland standard.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470