F I L E D
United States Court of Appeals
Tenth Circuit

OCT 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL A. MASON,

Defendant-Appellant.

No. 96-3352
(D.C. No. 95-CR-10085-ALL)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant pleaded guilty to a single charge of escape from federal custody and was sentenced to forty months' confinement, based on the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

classification of defendant as a career offender under section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). Defendant's sole challenge on appeal is to the enhancement of his sentence. He contends that his offense, which was walking away from an unsecured halfway house, does not constitute a "crime of violence" for purposes of U.S.S.G. § 4B1.1 and, therefore, that he should not be classified as a career offender.

"Whether a defendant was erroneously classified as a career offender is a question of law subject to de novo review." United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir. 1997). Our disposition of this case is governed by our recent opinion in Mitchell, 113 F.3d at 1533, in which we held that escape, by its very nature, is a crime of violence, even if it involves only walking away from an unsecured correctional facility. See also United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir. 1994). We, therefore, conclude that the district court did not err in using defendant's present escape conviction to classify him as a career offender.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

-2-