125 F.3d 863
 97 CJ C.A.R. 2245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
MICHAEL A. MASON, Defendant-Appellant.
 No. 96-3352.
(D.C.No. 95-CR-10085-ALL)
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1997.
 
 Before BRORBY, LOGAN, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant pleaded guilty to a single charge of escape from federal custody and was sentenced to forty months' confinement, based on the district court's classification of defendant as a career offender under section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). Defendant's sole challenge on appeal is to the enhancement of his sentence. He contends that his offense, which was walking away from an unsecured halfway house, does not constitute a "crime of violence" for purposes of U.S.S.G. § 4B1.1 and, therefore, that he should not be classified as a career offender.
 
 
 4
 "Whether a defendant was erroneously classified as a career offender is a question of law subject to de novo review." United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir.1997). Our disposition of this case is governed by our recent opinion in Mitchell, 113 F.3d at 1533, in which we held that escape, by its very nature, is a crime of violence, even if it involves only walking away from an unsecured correctional facility. See also United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir.1994). We, therefore, conclude that the district court did not err in using defendant's present escape conviction to classify him as a career offender.
 
 
 5
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3