**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William WATTS, Jr., Defendant–Appellant.**

No. 99–6366.

United States Court of Appeals, Sixth Circuit.

March 29, 2001.

Before SILER, MOORE, and CLAY, Circuit Judges.

OPINION

MOORE, Circuit Judge.

Defendant–Appellant William Watts, Jr. ("Watts") appeals the district court's determination at sentencing that he had two prior felony convictions for crimes of violence, as defined by the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(a) (1998). Watts's two prior felony convictions for crimes of violence, coupled with his plea of guilty to the current charge of bank robbery, mandated that he be sentenced as a "career offender" pursuant to U.S.S.G. § 4B1.1. Watts contends that, despite the Sixth Circuit's holding to the contrary in *United States v. Harris,* 165 F.3d 1062 (6th Cir.1999), his escape from a Kansas "Honor Camp" was not a crime of

violence, thus excluding him from "career offender" status under § 4B1.1.

We AFFIRM Watts's sentence.

## I. BACKGROUND

On April 13, 1999, a federal grand jury returned a six-count indictment charging Watts with, among other things, bank robbery in violation of 18 U.S.C. § 2113(a) and (d), discharge of a firearm during the course of the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Watts, pursuant to a written plea agreement, pleaded guilty to these three charges. In exchange, the government dismissed the remaining three counts of Watts's indictment.

Watts had two felony convictions prior to his arrest on the charges in the current case. In 1984, Watts's first felony conviction occurred when he pleaded guilty to two counts of aggravated robbery. Watts was convicted of his second felony in 1988 for escaping from the El Dorado Honor Camp in El Dorado, Kansas while serving his sentence for aggravated robbery. "According to the Federal Probation Office in Wichita, Kansas, the defendant 'simply walked away from the camp.'" Joint Appendix ("J.A.") at 49 (Presentence Investigation Report ("PSR")). Under Kansas law, if an inmate serving time on a felony conviction fails "to remain within the extended limits of his or her confinement[,]" this constitutes an "aggravated escape from custody[,]" and the escape itself will be treated as a felony. Kan. Stat. Ann. §§ 75–5269, 21–3810.

The supervising probation officer deemed both of Watts's prior felony convictions to be "crime[s] of violence" for purposes of § 4B1.1, the career offender provision. With the application of the career offender provision, Watts's effective guideline imprisonment range jumped from 220–245 months to 308–355 months.

The district court sentenced Watts to a total term of 308 months. Watts's appeal to this court followed.

## II. ANALYSIS

### A. Standard of Review

■ The district court's factual findings for purposes of sentencing under the Guidelines are reviewed by this court for clear error. *United States v. Jones*, 159 F.3d 969, 980 (6th Cir.1998). Issues involving the interpretation of Guidelines provisions, however, are legal questions which this court reviews *de novo*. *Id.*

### B. Is Escape a Crime of Violence?

■ The sole issue in Watts's appeal is whether an escape from state-ordered confinement should be treated as a felony that is a crime of violence for purposes of § 4B1.1. As this circuit explained in *Harris*, a defendant must meet the following three requirements to be considered a career offender under § 4B1.1:

> [T]he defendant must have been at least 18 years old when he committed the offense for which he is to be sentenced, that offense must have been a felony constituting either a "crime of violence" or a "controlled substance offense," and the defendant must have had at least two prior felony convictions falling in one or the other of those categories.

*Harris*, 165 F.3d at 1067. Watts does not dispute that he has satisfied the first two criteria of the career offender provision, nor does he deny that the first of his two previous felonies was a "crime of violence," as defined by § 4B1.2. Watts's only dispute is that his escape from a Kansas Honor Camp, a felony under Kansas law, was not a crime of violence for purposes of the career offender provision.

Under § 4B1.2, a felony conviction qualifies as a crime of violence if it "(1) has as

an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." This case hinges upon whether an escape from confinement should be considered a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

Watts argues that, because his escape from confinement was not violent in that he simply walked away from the Honor Camp, his escape should not be considered a crime "that presents a serious potential risk of physical injury to another." *Id.* This court has held, however, that a district court is not to engage in "a broad factual inquiry into" the defendant's conduct in the course of the escape. *Harris,* 165 F.3d at 1068 (quotation omitted). Instead, this court has directed sentencing courts to take a categorical approach to determining whether the crime is violent in nature by focusing on the "statutory definition of the crime." *Id.*

Using the categorical approach, this circuit has held "that the crime of escape, by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2[(a)(2)]." *Id.* In so doing, this court adopted the rationale of the Tenth and Fourth Circuit Courts of Appeals, which reasoned that all escape situations create a substantial risk of violence due to both the escapees' "supercharged emotions" and their desire to avoid recapture. *Id.* (quoting *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir.1994) and citing *United States v. Dickerson,* 77 F.3d 774, 776–77 (4th Cir.), *cert. denied,* 519 U.S. 843, 117 S.Ct. 126, 136 L.Ed.2d 76 (1996)). " 'Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody.' " *Harris,* 165 F.3d at 1068 (quoting *Gosling,* 39 F.3d at 1142).

Watts argues that the *Harris* court failed to follow its own admonition of focusing on the statutory definition of the crime to determine whether it is violent in nature when it held that escape, by its very nature, is a crime of violence. Watts claims that because the Kansas escape statute that he violated does not require the use or threat of force in effectuating an escape,[1] this demonstrates that his violation of the statute should not be considered a crime of violence. In *Harris,* however, this court concluded that escape was a crime of violence based upon the violation of a Tennessee escape statute quite similar to the Kansas statute at issue in this case.[2] Neither statute requires the use or threat of force for the escape to constitute a felony, and Watts has given this court no basis upon which to distinguish the *Harris* opinion.

In essence, Watts is asking this court to overturn a prior panel's published opinion finding escape, by its nature, to be a crime of violence. This circuit's rules and prece-

---

1. Kan. Stat. Ann. § 75–5269 states that "[t]he willful failure of an inmate to remain within the extended limits of his or her confinement or to return within the time prescribed to an institution or facility designated by the secretary shall be deemed an aggravated escape from custody as provided for in K.S.A. 21–3810."

2. The defendant in *Harris* violated a Tennessee statute which made it a felony for "any person confined in a county workhouse or jail or city jail or municipal detention facility upon any charge of or conviction of a criminal offense constituting a felony [to] escape or attempt to escape therefrom[.]" Tenn.Code Ann. § 39–5–706 (repealed 1989), *quoted in Harris,* 165 F.3d at 1067.

dent, however, preclude us from taking such an action. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985); *see also* 6th Cir. R. 206(c) (stating that published panel opinion is binding on all subsequent panels).

In *Harris*, this circuit took up the very same question that is appealed in this case. The district court did not err by following *Harris* and holding that Watts's escape from a Kansas Honor Camp was a felony crime of violence under § 4B1.2(a)(2). Because Watts had two prior felony convictions that constituted crimes of violence, and because he met the other requirements of § 4B1.1, the district court did not err in sentencing Watts as a career offender.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence in this case.