**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert John ROYBAL, also known as Robert John Roybal, Jr.**
**Defendant–Appellant.**

**No. 01–1027.**

United States Court of Appeals,
Tenth Circuit.

Aug. 28, 2001.

Before ANDERSON and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

**ORDER AND JUDGMENT** *

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Robert Roybal was convicted by a jury of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of sixty-three months. At issue on appeal is whether the district court properly increased defendant's base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) based on two prior felony convictions for crimes of violence. Defendant contends that the court should not have counted his prior Colorado conviction for attempted escape as a crime of violence because he merely failed to return from a work release program and voluntarily presented himself for arrest the day after he was supposed to have returned.

To determine whether defendant's prior conviction constituted a crime of violence for purposes of § 2K2.1, we refer to the definition of "crime of violence" set forth in § 4B1.2. *See* U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n. 5.

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is burglary of a dwelling, arson. or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2. Our concern here is whether defendant's conviction fits the "or otherwise" category of offenses described in § 4B1.2.

Count 2 of the criminal information to which defendant pled guilty charged that he, "while in custody and confinement at Adams County Detention Facility and held for and charged with a felony, to wit: Unlawful Distribution of a Controlled Substance, did unlawfully, knowingly and feloniously attempt to escape from said place of custody and confinement; contrary to C.R.S. § 18–8–208.1." R. Vol. 5, Ex. C. Section 18–8–208.1 provides, among other things, that "[i]f a person, while in custody or confinement and held for or charged with but not convicted of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 5 felony." Colo.Rev.Stat. § 18–8–208.1(2). Further, "[a] person who participates in a work release program, a home detention program, ... a furlough, an intensive supervision program, or any other similar authorized supervised or unsupervised absence from a detention facility ... and who is required to report back to the detention facility at a specified time shall be deemed to be in custody." *Id.* § 18–8–208.1(6).

Using the analysis set forth by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for determining when a burglary conviction constitutes a crime of violence, defendant weaves a lengthy argument purporting to demonstrate that his conviction does not constitute a crime of violence. First, he contends that there are two distinct generic crimes that are often given the single label of "escape." The first he calls generic "escape," which involves departure from both physical confinement and legal custody, and the second he calls generic "failure to return," which

involves only departure from legal custody. Generic escape, defendant states, "almost always involves a potential risk of physical injury to another and is therefore properly categorized as a 'crime of violence,' [whereas] generic attempted failure to return to physical custody almost never involves such a risk." Appellant's Opening Br. at 7.

Next, defendant contends that an examination of the conduct proscribed by Colo. Rev.Stat. § 18–8–208.1 shows that the statute covers both generic escape and generic failure to return. His own conduct, he urges, fits within the generic offense of failure to return, but not the generic offense of escape. Therefore, he argues, his conviction cannot be considered a crime of violence.

Defendant's analysis founders on the firm rock of Tenth Circuit precedent, which is contrary to his central contention that the generic offense of failure to return almost never involves a potential risk of physical injury to another. We have repeatedly held that, "regardless of the facts underlying a particular escape, the offense of escape, by its nature, presents a serious potential risk of injury to another and is thus properly characterized as a 'crime of violence.'" *United States v. Mitchell,* 113 F.3d 1528, 1533 n. 2 (10th Cir.1997) (citing *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir.1994)). Integral to this holding is our reasoning that "even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody." *Gosling,* 39 F.3d at 1142; *United States v. Moudy,* 132 F.3d 618, 620

(10th Cir.1998); *Mitchell,* 113 F.3d at 1533. This reasoning applies with equal force to defendant's failure to return to custody as it does to the nonviolent walk-aways from unsecured facilities that we have held to be crimes of violence in the past, *see United States v. Springfield,* 196 F.3d 1180, 1185 (10th Cir.1999), *cert. denied,* 529 U.S. 1029, 120 S.Ct. 1444, 146 L.Ed.2d 331 (2000); *Mitchell,* 113 F.3d at 1533.[1]

Our sister circuits likewise have relied on this reasoning to hold that every escape—even a nonviolent walk-away—constitutes a crime of violence. *See United States v. Gay,* 251 F.3d 950, 952, 954–55 (11th Cir.2001) (following *Mitchell* and *Gosling* rationale in holding that conviction under statute covering both escape from lawful custody or confinement and failure to return constituted crime of violence); *United States v. Nation,* 243 F.3d 467, 472 (8th Cir.2001) (holding that "every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others," because "[e]ven the most peaceful escape cannot eliminate the potential for violent conflict when authorities attempt to recapture the escapee."); *United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir.1999) (following *Gosling* rationale in holding that escape is always a crime of violence); *United States v. Ruiz,* 180 F.3d 675, 676–77 (5th Cir.1999) (following *Mitchell* and *Gosling* in holding that nonviolent walkaway was crime of violence). We have not found a single circuit court case—and defendant has not cited one—to support defendant's contention that his conviction for attempted failure to return, in violation of Colo.Rev.Stat. § 18–8–208.1, does not constitute a crime of violence.

---

1. That defendant actually turned himself in without provoking any violence is immaterial, because there was a potential risk of injury up until defendant turned himself in, and because, as defendant concedes, we do not ordi-

narily look to the particular facts underlying an escape conviction to determine if it is a crime of violence, *see, e.g., Mitchell,* 113 F.3d at 1533 & n. 2.

Accordingly, we AFFIRM the judgment of the United States District Court for the District of Colorado.

---

\*\*\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.