

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# USA v. Luster

Precedential or Non-Precedential: Precedential

Docket No. 01-3730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Luster" (2002). *2002 Decisions.* Paper 599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed September 24, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3730

UNITED STATES OF AMERICA

v.

HERBERT LUSTER
        Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00045)
District Judge: Honorable Donetta W. Ambrose

Submitted Pursuant to Third Circuit LAR 34.1(a)

May 3, 2002

Before: ROTH and STAPLETON, Circuit Judges, and
POLLAK,* District Judge

(Filed: September 24, 2002)

        Bonnie R. Schlueter
        James H. Love

        Office of the United States Attorney
        633 U.S. Post Office & Courthouse
        Pittsburgh, PA 15219
         Attorneys for Appellee

_____

* Honorable Louis H. Pollak, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

        Martin A. Dietz
        Anthony M. Mariani, P.C.
        Grant Building - 36th Floor
        Pittsburgh, PA 15219
         Attorneys for Appellant

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Herbert Luster appeals his sentence of 110 months
resulting from his plea of guilty to possession of a firearm
by a convicted felon in violation of 18 U.S.C. S 922(g)(1). On
appeal, Luster argues that the District Court erroneously
calculated his offense level by counting a prior felony

conviction for escape from prison as a crime of violence. Whether a particular crime constitutes a crime of violence is a question of law and our review is plenary. See United States v. Dorsey, 174 F.3d 331, 332 (3d Cir. 1999).

Section 2K2.1 of the United States Sentencing Guidelines (U.S.S.G.) provides the base level offense for Luster's firearm conviction. It stipulates a base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," U.S.S.G. S 2K2.1(a)(4)(A), and a base level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. S 2k2.1(a)(2). Finding that Luster had a 1995 conviction for felony escape1 and a 1999 conviction for

_____

1. Luster was convicted under 18 Pa. Cons. Stat.S 5121 for escape in the third degree. In Pennsylvania, one commits the crime of escape if "he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa. Cons. Stat. S 5121(a). It is a third degree felony when:

> (i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

2

possession of marijuana with intent to distribute, the District Court applied the four-level enhancement. After making other adjustments to Luster's offense level, none of which are contested on appeal, the District Court determined that his total offense level was 25, which yielded a guideline range of 100-137 months. Luster does not contest that his 1999 marijuana conviction constitutes a controlled substance offense.

The Sentencing Guidelines define a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. S 4B1.2(a). Application Note 1 toS 4B1.2(a) as it read at the relevant time explained that a:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses,

robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved

_____

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

Id. at S 5121(d)(1). All other escapes are felonies in the second degree. See id. at S 5121(d)(2).

3

the use of explosives (including any explosive material or destructive device) or, by its nature, presented serious potential risk of physical injury to another.

U.S.S.G. S 4B1.2, app. note 1 (2001).

The District Court concluded that escape is neither an enumerated offense nor a crime that has the use of force as a necessary element under Pennsylvania law. It held, however, that the crime of escape, "by its nature, present[s] a serious potential risk of physical injury to another."

Luster emphasizes, as the government concedes, that he "simply absented himself from the place of confinement without being privileged to do so" and that "there was [no] violence involved with the actual escape." App. at 21-22, 24. According to Luster, the District Court thus erred in failing to conclude that his escape did not involve a serious potential risk of physical injury.

Based upon the Application Note's express reference to "the conduct set forth (i.e., expressly charged) in the count of" conviction, we have held that a sentencing court in applying the last clause of U.S.S.G. S 4B1.2(a)(2) should not look to all of the conduct underlying the defendant's conviction. Rather, "a sentencing court should look solely to the conduct alleged in the count of the indictment charging the offense of conviction in order to determine whether that offense is a crime of violence." United States v. Joshua, 976 F.2d 844, 856 (3d Cir. 1992); see also United States v. Taylor, 98 F.3d 768 (3d Cir. 1996).

Here, the count of conviction charged in full as follows:

The District Attorney of Allegheny County by this information charges that on (or about) July 11, 1995 in the said County of Allegheny HERBERT LUSTER, hereinafter called actor, did commit the

crime or crimes indicated herein, that is: Count 1
Escape Felony 3: The actor unlawfully removed
himself or herself from official detention, namely
The Renewal Center, the said actor having been
convicted of the crime of receiving stolen property,
in violation of Section 5121(a) of the Pennsylvania
Crimes Code, Act of December 6, 1972, 18 Pa.C.S.

4

S 5121(a). All of which is against the Act of
Assembly and the peace and dignity of the
Commonwealth of Pennsylvania.

Like many charging documents, this one closely tracks
the language of the statute and, in the context of an inquiry
into the nature of the offense, provides little information
beyond the elements of the offense. "Therefore, we are left
with analyzing the nature of the [statutory] offense itself."
United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002).
If we "cannot glean the circumstances surrounding the
defendant's commission of the crime from the indictment,
the question . . . becomes whether that crime, " in the
abstract" involves conduct that presents a serious potential
risk of physical injury to another." United States v.
Dickerson, 77 F.3d 774, 776 (4th Cir. 1996) (emphasis
added).

This means that despite Luster's erroneous view that the
sentencing court was required to look to underlying
conduct, he correctly poses the ultimate issue for
resolution. If Pennsylvania's felony escape statute extends
to a substantial category of cases which do not present a
substantial risk of physical injury, that crime"by its
nature" does not do so. Since the statute clearly extends to
a "walk away" from custody not involving any contemporary
violence, the relevant issue is equivalent to the one he
posed to the District Court: "Did my kind of escape present
a serious potential risk of physical injury."?

We hold that the answer to Luster's question is yes.
Escape is a continuing crime; it does not end when the
escapee completes the act of leaving a correctional facility.
Rather, the escapee must continue to evade police and
avoid capture. As the Tenth Circuit noted, an escapee "is
likely to possess a variety of supercharged emotions, and in
evading those trying to recapture him, may feel threatened
by police officers, ordinary citizens, or even fellow escapees.
Consequently violence could erupt at any time." United
States v. Gosling, 39 F.3d 1140, 1142 (10th Cir. 1994).
Thus, "every escape scenario is a powder keg, which may or
may not explode into violence and result in physical injury
to someone at any given time, but which always has the
serious potential to do so." Id.

5

Every circuit to consider this issue has reached the same

conclusion. See United States v. Hairston, 71 F.3d 115,118 (4th Cir. 1995); United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999); United States v. Harris, 165 F.3d 1062, 1068 (6th Cir. 1999); United States v. Nation , 243 F.3d 467, 472 (8th Cir. 2001); Gosling, 39 F.3d at 1142; United States v. Gay, 251 F.3d 950, 954 (11th Cir. 2001).

We hold that the conduct set forth in Luster's count of conviction by its nature presents a serious potential risk of physical injury to another. Accordingly, we find no error in the District Court's determination that Luster had two prior felony convictions of a crime of violence and its judgment will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

6