Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 24, 2003      Decided July 8, 2003

No. 01-3132

UNITED STATES OF AMERICA,
APPELLEE

v.

TOUMANI TOURAY THOMAS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00225–01)

*David W. Bos*, Assistant Federal Public Defender, argued the cause for appellant. With him on the brief was *A. J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Ann M. Carroll*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C. Howard,*

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Jr.*, U.S. Attorney, *John R. Fisher* and *Thomas J. Tourish, Jr.*, Assistant U.S. Attorneys.

Before: GINSBURG, *Chief Judge*, and SENTELLE and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Appellant Toumani Touray Thomas appeals from a judgment of the District Court sentencing him to fifty-seven months on his plea of guilty to possession of a firearm by a convicted felon, and of assaulting, resisting, and interfering with a police officer. On appeal he contends that the District Court improperly calculated the Sentencing Guidelines range by considering his prior conviction for escape from an officer to be for a crime of violence. Because we conclude that the District Court did not err in its calculations, we affirm the judgment on appeal.

I

Thomas pleaded guilty to an information charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), and assaulting, resisting, and interfering with a police officer in violation of D.C. Code § 22–505(a) (2001), under a plea agreement which did not purport to be definitive as to the base offense level applicable to his sentence. The probation office in the presentence report (PSR) calculated a base offense level of 20. Thomas contended at sentencing and contends now that the level should have been 14. The point of contention is his criminal history score which includes a conviction in 1997 for escape from an officer in violation of D.C. Code § 22–2601(a)(2). The District Court, consistent with the PSR, considered that offense to constitute a "crime of violence." Under the applicable Guidelines section, the base offense level is 20 where the defendant has committed the instant offense, or any part of it, "subsequent to sustaining one felony conviction of . . . a crime of violence. . . ." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (2002). Without the enhancing effect of the crime of violence conviction, defen-

dant's base offense level would apparently have been 14. U.S.S.G. § 2K2.1(a)(6).

Thomas argued at sentencing, and argues now, that escape is not a crime of violence. Thomas relies on the definitional section, § 4B1.2, which specifies that a "crime of violence" (other than for certain specified offenses) "means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Thomas argues that the crime of escape may not involve violence at all, as in the case of a "walkaway" escape from a halfway house. The government argues for, and the District Court adopted, a "categorical" approach in which the offense of escape is treated as categorically a crime of violence and therefore subject to the enhancing effect of § 2K2.1(a)(4)(A). As there was no controlling authority from this court or from the United States Supreme Court, the District Court adopted the reasoning of *United States v. Nation*, 243 F.3d 467 (8th Cir. 2001), and other circuits cited therein, and entered a judgment based on the base offense level of 20. Thomas appealed.

## II

As noted above, section 2K2.1(a)(4)(A) enhances a defendant's sentence if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). Application Note 5 to § 2K2.1(a)(4)(A) states that the term "crime of violence" is given the meaning outlined in § 4B1.2(a). U.S.S.G. § 2K2.1 cmt. n.5. Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)  is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  Application Note 1 to U.S.S.G. § 4B1.2 provides that:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.  Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved the use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 cmt. n.1.

Thomas's prior offense of conviction, escape from an officer in violation of D.C. Code § 22–2601(a)(2), concededly was punishable by imprisonment for a term exceeding one year. The current dispute concerns whether it fits the definition borrowed from the application note of U.S.S.G. § 4B1.2 – more specifically, whether the offense "by its nature, presented a serious potential risk of physical injury to another."  In the "categorical" approach set out in *United States v. Nation*, 243 F.3d 467 (8th Cir. 2001), and adopted by the District Court, every offense of escape, "even a so-called 'walkaway' escape, involves a potential risk of injury to others."  *Id.* at 472.  We are not certain that we are prepared to go so far.

The *Nation* court analyzed the offense of escape in the criminal history of the appellant before it by looking to the first Application Note to § 4B1.2, specifically the language which directs the inclusion of enumerated offenses as "crimes of violence" when "the conduct set forth . . . in the count of which the defendant was convicted . . . by its very nature,

presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, cmt. n.1. The *Nation* court concluded that escape categorically fits that description, because "[e]very escape … 'is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so.'" 243 F.3d at 472 (quoting *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994)). Under the view of the Eighth Circuit and the Tenth Circuit, this violence is inherent even in an escape by stealth, or a walkaway escape, because "[e]ven the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture the escapee." *Nation*, 243 F.3d at 472. *Accord United States v. Hairston*, 71 F.3d 115 (4th Cir. 1995); *United States v. Ruiz*, 180 F.3d 675 (5th Cir. 1999); *United States v. Harris*, 165 F.3d 1062 (6th Cir. 1999).

Arguably, the approach taken by the other circuits proves too much. While it may be true that the recapture of an escapee inherently contains a risk of violent encounter between the escapee and the arresting officers, the same is true as to the capture of any lawbreaker. Thus, one might argue that under the approach of those circuits, all crimes become crimes of violence and the crime of violence enhancement created by § 2K2.1(a)(4)(A) destroys the base offense level that would exist in its absence for all defendants with prior felony convictions of whatever nature. Therefore, we are reluctant to adopt the categorical approach. However, it makes no difference in the outcome.

As the *Nation* court recognized, "the term 'conduct' in § 4B1.2(a)(2) could suggest an examination of the underlying facts of a particular offense," 243 F.3d at 472. While we have little before us of the specifics of Thomas's prior conviction for escape, we do know that offense was not just "escape," but specifically "escape from an officer" in violation of D.C. Code § 22–2601(a)(2). That statute also outlaws "escape from an institution." D.C. Code § 22–2601(a)(1). If the latter charge had been the offense of conviction, perhaps the argument between the categorical or underlying facts approach to the crimes of violence question might be squarely

presented. But where, as here, it appears that Thomas effected his escape from the person of an officer, the risk of violence is much more apparent. A prisoner not returning to a halfway house or sneaking away from an unguarded position in the night may not inherently create a risk of harm to others. A prisoner escaping from the custody of an officer does create such an inherent risk.

We find ourselves, then, in the position of the Tenth Circuit in *United States v. Gosling*, *supra*. Just as that circuit opined, we need not "adopt either a categorical or an underlying facts approach in the context of § 4B1.2." 39 F.3d at 1142 n.3. Whichever approach we employ, the District Court did not err in concluding that defendant's escape from an officer constituted a crime of violence within the meaning of U.S.S.G. § 2K2.1(a)(4)(A) and setting the base level at 20.

## Conclusion

For the reasons set forth above, the sentencing judgment of the District Court is

*Affirmed.*