**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy L. DOUGLAS, Defendant–
Appellant.**

**No. 02–6327.**

United States Court of Appeals,
Sixth Circuit.

Nov. 3, 2003.

Steven S. Neff, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Jerry S. Sloan, Chattanooga, TN, for Defendant–Appellant.

Before: MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

*ORDER*

Timothy L. Douglas, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 8, 2001, Douglas pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(d), and to brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The presentence investigation report (PSR) recommended sentencing Douglas as a career offender pursuant to USSG § 4B1.1, due to Douglas's prior Tennessee felony convictions for escape and possession of cocaine for resale. Over Douglas's objections that his prior felonies did not qualify as predicate offenses, the district court found that the PSR was correct and sentenced Douglas to 224 months in prison, 5 years of supervised release, $3,565 in restitution, and a $200 special assessment.

In his timely appeal, Douglas reasserts his objections to his designation as a career offender.

This court reviews de novo questions concerning the interpretation of the sentencing guidelines. *Mallett v. United States,* 334 F.3d 491, 500 (6th Cir.2003); *United States v. Dolt,* 27 F.3d 235, 237 (6th Cir.1994) (reviewing de novo the determination that a defendant is a career offender). Upon review, we conclude that the district court properly sentenced Douglas as a career offender.

Douglas first contends that the district court erred by not conducting a limited factual inquiry into the escape conviction to determine if his conduct presented a serious potential risk of physical injury to another and thus qualified as a predicate conviction under USSG § 4B1.1. He argues that the statute of conviction does not categorically make escape a crime of violence because the offense of escape includes the failure to return to custody following a temporary leave. *See* Tenn. Code Ann. § 39–16–601(3) and § 39–16–605.

The district court properly determined that Douglas's escape conviction counted

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

as a prior felony conviction for purposes of the career offender guideline. In *United States v. Harris*, 165 F.3d 1062 (6th Cir. 1999), this court found that the offense of escape qualified as a crime of violence because escape posed a serious potential risk of physical injury. *Id.* at 1068. The court adopted the rationale employed by the Tenth Circuit in *United States v. Gosling*, 39 F.3d 1140 (10th Cir.1994), which held that " 'even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody.' " *Harris*, 165 F.3d at 1068 (quoting *Gosling*, 39 F.3d at 1142). Because of the possibility of violence upon apprehension, Douglas's conviction for escape constitutes a crime of violence, even though the offense of escape in Tennessee includes the failure to return to custody following a temporary leave. No factual inquiry into Douglas's offense was required.

Next, Douglas argues that the district court erred by counting his felony conviction for possession of cocaine for resale as a predicate offense because the conviction had a jurisdictional infirmity. Although the minutes of the state trial court reflected that he had pleaded guilty to cocaine possession on November 13, 2000, the minutes did not refer to any charging document, which, Douglas argues, is necessary for subject matter jurisdiction to attach. Douglas concedes that the trial court minutes do contain a waiver of indictment and that the "unofficial records" contain an information.

Douglas is not entitled to relief on this claim. As a defendant in a federal sentencing proceeding, Douglas simply has no right to collaterally attack a prior conviction which was not obtained in violation of his right to counsel. *See Custis v. United States*, 511 U.S. 485, 495–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Bureau*, 52 F.3d 584, 593–94 (6th Cir.1995); *United States v. Bonds*, 48 F.3d 184, 186–87 (6th Cir.1995). The Supreme Court limited collateral attacks on prior convictions solely to those obtained in violation of the right to counsel precisely because of the type of problems which would have arisen in the instant case if the district court had attempted to review the validity of Douglas's cocaine conviction. Unlike a conviction obtained without benefit of counsel, there would have been no "ease of administration" in determining the validity of Douglas's conviction. *See Custis*, 511 U.S. at 496. First, there is no well-established federal constitutional right to have an information or indictment properly recorded on the minutes of the court, nor is there federal case law which equates a court's failure to record an information or indictment with the actual lack of a charging document. Rather, the issue of whether the state court's apparent failure to record an information invalidates a conviction is a matter of state law. Second, the district court would have had to "rummage through" state court records to rule on a state law issue, thereby intruding on the finality of the state court judgment, and delaying and impairing the orderly administration of justice in the federal sentencing proceeding. *See id.* at 496–97.

Accordingly, the district court's judgment is affirmed.