**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE AGUILERA–VEGA,

Defendant-Appellant.

No. 06-2361

(D.C. No. CR-06-1253 JH)

(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant Jose Aguilera-Vega pled guilty to illegal reentry of a deported

alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326

(a)(1), (a)(2), and (b)(2). He was sentenced to a seventy-seven-month term of

imprisonment, at the bottom of the applicable Sentencing Guidelines

("Guidelines") range. On appeal, Defendant argues that this sentence is excessive

because he only reentered the country to visit his ailing father and because his

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

1992 conviction for first-degree burglary did not warrant imposition of a sixteen-level enhancement for crimes of violence under the Guidelines. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2004).

"[W]e review sentencing decisions for reasonableness, which has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." *Id.* "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* Although we review the ultimate sentence for reasonableness, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." *United States v. Townley*, 472 F.3d 1267, 1275–76 (10th Cir. 2007), *cert. denied*, 127 S.Ct. 3069 (2007). "Where the district court correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence is entitled to a rebuttable presumption of reasonableness." *Id.* at 1276 (internal quotation marks omitted).

Defendant appears to contest the procedural reasonableness of his sentence by arguing that the sixteen-level "crime of violence" enhancement was not warranted in his case. Because Defendant did not object to the calculation of the Guidelines' range before the district court, we review only for plain error. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). "We find plain error

only where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Here, we find no error in the court's application of the sixteen-level enhancement pursuant to Section 2L1.2(b)(1)(A) of the Guidelines. As the Guidelines' commentary makes clear, burglary of a dwelling is considered a violent felony for purposes of this section. U.S.S.G. § 2L1.2 cmt. n.1(B)(ii)(II); *see also United States v. McNack*, No. 07-5034, 2007 U.S. App. LEXIS 16747, at *4–5 (10th Cir. July 12, 2007) ("Burglary is specifically mentioned in the Guidelines as a crime of violence."). Moreover, the court appropriately considered Defendant's request for a downward departure, the Guidelines' applications, and the § 3553 (a) factors, then issued a sentence it concluded was reasonable in light of Defendant's criminal history. We therefore hold Defendant's sentence is procedurally reasonable.

Defendant also contends that his sentence is not substantively reasonable because his "crime of violence" enhancement was based on burglary rather than a crime such as murder and because his reason for reentering the United States was his father's ill health. However, we conclude Defendant has not rebutted the presumption of reasonableness attached to his sentence which was within the Guidelines' range. Given the circumstances of the case, including Defendant's extensive criminal history and prior conviction for illegal reentry, we are not persuaded that a sentence at the bottom of the applicable Guidelines range was

substantially unreasonable. Therefore, we **AFFIRM** Defendant's conviction and
sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge
